IN THE UNITED STATES DISTRICT COURT FOR THE
SOUTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

GLYNIS BETHEL,                    :
                                  :
          Petitioner,             :
                                  :
vs.                               :    CIVIL ACTION 11-0716-WS-M
                                  :
ARTHUR L. BYRNE,                  :
                                  :
          Respondent.             :


REPORT AND RECOMMENDATION


      Petitioner, a Baldwin County Jail prison inmate proceeding
pro se, filed a petition under 28 U.S.C. § 2254 (Doc. 1).  This
action, which has been referred to the undersigned pursuant to
28 U.S.C. § 636(b)(1)(B), Local Rule 72.2(c)(4), and is before
the Court for Petitioner's failure to prosecute and to obey the
Court's Order.

      On April 6, 2012, after review of Petitioner's Motion to
Proceed Without Prepayment of Fees (Doc 4), the Court ordered
Petitioner to pay the $5.00 filing fee, or to file a new motion
for leave to proceed without prepayment of fees not later than
May 21, 2012 (Doc. 5).  The Court's Order entered on April 6,
2012, was mailed to Petitioner at Baldwin County Corrections
Center, 200 Hand Avenue, Bay Minette, Alabama 36505, her last
know address, and was returned by postal authorities with the
notation "Return to Sender – Not at This Address" (Doc. 6).  A

review of the Baldwin County Corrections Center's website, indicated that Petitioner was no longer in their custody and had been released.  The Court last heard from Petitioner on December 30, 2011, when she filed two motions (Docs. 3, 4).  Also, it appears that she has obtained the relief requested, namely, release from custody in the Baldwin County Corrections Center.

Plaintiff was previously warned that her failure to notify the Court immediately of a change in address would result in the dismissal of this action for failure to prosecute and to obey the Order of the Court (Doc. 5).  Because Petitioner has not notified the Court of a change in her address, and there is no current address for her, the Court finds that Petitioner has abandoned the prosecution of this action.

Due to Petitioner's abandonment of this action, and upon consideration of the alternatives that are available to the Court, it is recommended that this action be dismissed without prejudice pursuant to Rule 41(b) of the Federal Rules of Civil Procedure as no other lesser sanction will suffice.  Link v. Wabash R. R., 370 U.S. 626, 630, 82 S.Ct. 1386, 8 L.Ed.2d 734 (1962) (interpreting Rule 41(b) not to restrict the court's inherent authority to dismiss sua sponte an action for lack of prosecution); World Thrust Films, Inc. v. International Family Entertainment, Inc., 41 F.3d 1454, 1456-57 (11th Cir. 1995); Mingo v. Sugar Cane Growers Co-op, 864 F.2d 101, 102 (11th Cir.

1989); Goforth v. Owens, 766 F.2d 1533, 1535 (11th Cir. 1985);

Jones v. Graham, 709 F.2d 1457, 1458 (11th Cir. 1983).  Accord

Chambers v. NASCO, Inc., 501 U.S. 32, 111 S.Ct. 2123, 115

L.Ed.2d 27 (1991) (ruling that federal courts' inherent power to

manage their own proceedings authorized the imposition of

attorney's fees and related expenses as a sanction); Malautea v.

Suzuki Motor Co., 987 F.2d 1536, 1545-46 (11th Cir.)(finding

that the court's inherent power to manage actions before it

permitted the imposition of fines), cert. denied, 510 U.S. 863,

114 S.Ct. 181, 126 L.Ed.2d 140 (1993).

MAGISTRATE JUDGE'S EXPLANATION OF PROCEDURAL RIGHTS
AND RESPONSIBILITIES FOLLOWING RECOMMENDATION
AND FINDINGS CONCERNING NEED FOR TRANSCRIPT

1.  **Objection**.  Any party who objects to this recommendation or
anything in it must, within fourteen days of the date of service
of this document, file specific written objections with the
clerk of court.  Failure to do so will bar a de novo
determination by the district judge of anything in the
recommendation and will bar an attack, on appeal, of the factual
findings of the magistrate judge.  See 28 U.S.C. § 636(b)(1)(C);
Lewis v. Smith, 855 F.2d 736, 738 (11th Cir. 1988); Nettles v.
Wainwright, 677 F.2d 404 (5th Cir. Unit B, 1982)(en banc).  The
procedure for challenging the findings and recommendations of
the magistrate judge is set out in more detail in SD ALA LR 72.4
(June 1, 1997), which provides that:

> A party may object to a recommendation entered by a
> magistrate judge in a dispositive matter, that is, a
> matter excepted by 28 U.S.C. § 636(b)(1)(A), by filing
> a "Statement of Objection to Magistrate Judge's
> Recommendation" within fourteen days after being served
> with a copy of the recommendation, unless a different
> time is established by order.  The statement of
> objection shall specify those portions of the
> recommendation to which objection is made and the

3

basis for the objection.  The objecting party shall submit to the district judge, at the time of filing the objection, a brief setting forth the party's arguments that the magistrate judge's recommendation should be reviewed <u>de novo</u> and a different disposition made.  It is insufficient to submit only a copy of the original brief submitted to the magistrate judge, although a copy of the original brief may be submitted or referred to and incorporated into the brief in support of the objection.  Failure to submit a brief in support of the objection may be deemed an abandonment of the objection.

A magistrate judge's recommendation cannot be appealed to a Court of Appeals; only the district judge's order or judgment can be appealed.

2.   **Transcript (applicable where proceedings tape recorded)**.
Pursuant to 28 U.S.C. § 1915 and Fed.R.Civ.P. 72(b), the magistrate judge finds that the tapes and original records in this action are adequate for purposes of review.  Any party planning to object to this recommendation, but unable to pay the fee for a transcript, is advised that a judicial determination that transcription is necessary is required before the United States will pay the cost of the transcript.

Done this 19th day of April, 2012.

                    s/BERT W. MILLING, JR.
                    UNITED STATES MAGISTRATE JUDGE